**ATOFAU of Leone, Plaintiff**

**v.**

**TUUFULI of Leone, Defendant**

No. 94-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Leapuapua" in Leone]

November 22, 1948

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and NUA, *District Judge.*

DECISION

Heard at Fagatogo Tuesday, November 16, 1948.
Atofau, *pro se;* Tuufuli, *pro se.*

MORROW, *Chief Justice.*

Tuufuli of Leone offered certain land designated Leapuapua (part of a larger tract by the same name) in Leone for registration as his individually owned property. The offer to register was accompanied by a survey of the tract. Atofau K. filed an objection to such proposed registration claiming that the tract was the communal family land of the Atofau family. Hence this litigation. Sec. 905 of the Code of American Samoa. On the day preceding the hear-

ing the court viewed the land in the presence of both parties.

It is admitted by both Atofau and Tuufuli that it is a part of a larger tract which was declared to be the property of the Atofau title in litigation between the Atofau and the People of Malaeloa in High Court Case No. 13-1918 (see also the decision of the High Court in No. 5-1915 to the same effect).

Tuufuli claims that he rendered service to Atofau Noaese, Atofau K.'s immediate predecessor, and that for such service Atofau Noaese made a gift to him of a part of the land offered for registration; and that Atofau Noaese's widow and Sei, a young man in the Atofau family, some years later sold the remaining part to him for $100.00.

Tuufuli is not a member of the Atofau family and was not obligated in accordance with Samoan custom to render any service to the matai of that family, Atofau Noaese. We think from the evidence that this service so-called consisted of no more than an occasional act of neighborliness common among all peoples of the world. In answer to the question "When you rendered this service did you do it with the expectation of getting anything or was it just a gift on your part?" Tuufuli replied "I did not think of any reward from it." Again in response to the question "Why did you render the service to Atofau Noaese if you are not related to him?" Tuufuli replied "Atofau Noaese is my neighbor and the way he treats me I treat him the same." It is clear to us that there was no service but merely reciprocal acts of kindness between neighbors.

There was no legal obligation on the part of Atofau Noaese to give a piece of family land to Tuufuli. The situation was somewhat analogous to that in which there is a subsequent promise to pay for what has been done as a gratuity. It is well established that a past gratuity cannot

be turned into a consideration by a subsequent promise to pay therefor so as to make a valid contract. *Allen v. Bryson*, 67 Ia. 591, 25 N.W. 820. Furthermore the matai of a Samoan family is not authorized either by law or Samoan custom to give away family land to a person not a member of his family. A matai in control of family lands is substantially a trustee. The beneficial interest in the lands belongs to the clan not the matai, except insofar as he may be a member of the clan. As such matai he cannot give away family land to an outsider and the attempted gift by Atofau Noaese was void. A trustee has no power to give away trust property. *Julian v. Reynolds*, 8 Ala. 680; *Park Falls State Bank v. Fordyce*, 206 Wis. 628, 238 N.W. 516, 79 A.L.R. 1339.

 The widow of a matai cannot sell family lands nor can a young man of the family. Neither the widow nor the young man owns the land. A man cannot sell what he does not own except as an agent of the owner, and there is no claim that the widow or the young man Sei were agents of the clan when they attempted to sell this other part of the surveyed tract to Tuufuli. It follows therefore that the title to the part that was attempted to be sold by the widow and Sei did not pass to Tuufuli. The attempted sale was void just as was the attempted gift by Atofau Noaese to Tuufuli.

 The court is exercising equity jurisdiction in this case. It is a cardinal principle of equity that "he who seeks equity must do equity." 30 C.J.S. 456; 19 Am.Jur. 319. Although the $100.00 paid by Tuufuli to the widow and Sei was not paid to the clan this court knows judicially, since it is familiar with Samoan customs, that the money was used for the benefit of the clan. Applying the familiar equitable maxim above quoted it follows that the $100.00 paid by Tuufuli should be refunded by Atofau K. the present matai of the Atofau family as a condition of having

the land registered as the communal family land of that family. Under Samoan customs the $100.00 will be provided by the clan.

Accordingly it is ORDERED, ADJUDGED and DECREED that upon Atofau K.'s payment of $100.00 to Tuufuli and filing Tuufuli's receipt therefor with the Clerk of the High Court, the land as shown on the survey accompanying the offer to register the same shall be registered as the property of Atofau K. in his capacity as the matai of the Atofau family. The Registrar of Titles will be advised of this decree.

Since Tuufuli paid for the survey and the benefit thereof will inure to the Atofau family upon registration of the land it is equitable that the costs should be paid by Atofau K. Costs in the sum of $12.50 are hereby assessed against him as the matai of his family, the same to be paid within 30 days.