81 So.2d 588

**Agnes W. DOWLING, Trustee,**

v.

**Hugh D. MURRAY, Adm'r.**

**4 Div. 832.**

Supreme Court of Alabama.

June 30, 1955.

R. Clayton Wiggins and J. Theodore Jackson, Dothan, for appellant.

J. N. Mullins and J. N. Mullins, Jr., Dothan, K. H. Dodson, Jr., Nashville, Tenn., and D. R. Wade, Jr., Pulaski, Tenn., for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to the petition of Agnes W. Dowling, as trustee of the Woof Trusts (appellant), to intervene in a pending suit.

Hugh D. Murray (appellee) filed his bill against F. E. Arnold for a sale for division of certain lands situated in Houston County, Alabama. Vetta E. Murray is made a party respondent to the bill for the purpose of having the court carve out her dower interest, if any, in the lands involved.

Third National Bank of Nashville, Tennessee, is also made a party respondent to

the bill, it being alleged that the said bank, as executor of the last will and testament of Mrs. Jennie McGrew, deceased, holds a mortgage upon the aforesaid lands.

It is alleged that Thomas L. Murray died a resident of the State of Mississippi and that Hugh D. Murray is the son and only heir at law of Thomas L. Murray, deceased, and that Vetta E. Murray is the surviving widow of Thomas L. Murray, deceased.

It is further alleged in the bill that Hugh D. Murray owns an undivided %10 interest in the lands and that F. E. Arnold owns an undivided 1/10 interest. The bill prays for a sale of the lands and that out of the proceeds of sale that the costs be paid, that the amount due Third National Bank be paid, that Vetta E. Murray be paid the ascertained value of her dower interest, if any, and that the balance be distributed among the joint owners and tenants in common as their interests may appear.

The respondents F. E. Arnold and Third National Bank of Nashville, Tennessee, filed answers substantially admitting the allegations contained in the bill and being nonresidents submitted themselves to the jurisdiction of the court. In its answer Third National Bank alleged that the amount due it under the aforesaid mortgage at the time the answer was filed was $12,695.89. Vetta E. Murray filed an answer denying the substantial allegations of the bill but claiming her dower interest in the lands if they are ordered sold by the court.

The appellant Agnes W. Dowling as trustee of the Woof Trusts filed her motion for leave to intervene in the cause together with her bill of complaint in intervention attached thereto in which it is alleged in substance, among other things, as follows:

The respondent, Third National Bank, as Executor of the will of the deceased mortgagee, advertised and conducted a mortgage foreclosure sale at Dothan, Alabama, on August 28, 1954, at which sale appellant was the highest, best and last bidder and became the purchaser of the land for the sum of $10,250. It is further alleged that the sale was conducted by Harlan Dodson, Jr., as auctioneer, and at the time the said bank was also represented at the sale by D. R. Wade, another attorney, both of whom are attorneys of record for the plaintiff Hugh D. Murray.

It is further alleged that Harlan Dodson, Jr. as Trust Officer of the bank, in behalf of the bank, executed and offered to deliver a certain instrument purporting to be a foreclosure deed, a copy of which is attached to the bill for intervention, and is incorporated therein and made a part thereof and that intervener declined to pay the consideration bid and accept delivery of the purported foreclosure deed, which was offered to her, on the ground that Third National Bank of Nashville, having been appointed executor under the last will and testament of Mrs. Jennie McGrew by the county court of Giles County, Tennessee, was a foreign executor or a nonresident executor within the meaning of the laws of the State of Alabama, and as such had failed or neglected to qualify properly under the laws of the State of Alabama to receive said consideration and execute a foreclosure deed in that it had not complied with the statutes and laws of the State of Alabama, as hereinafter set forth, and on the further ground that the purported foreclosure deed did not convey the interest of the mortgagor through an effective exercise of the power of attorney granted in the mortgage by the mortgagor to the auctioneer making the sale.

It is further alleged that the Third National Bank is a foreign executor and has never filed a copy of its letters testamentary in the Probate Office of Houston County, Alabama, as provided by §§ 141 and 151, Title 61, Code of 1940, and has never filed bond as provided in § 151. It is further alleged that when the matter of the bank's not having qualified in Alabama was called to the attention of the bank's Tennessee attorneys, who handled the foreclosure for the bank, they agreed to secure a quitclaim deed to the land from the plaintiff Hugh D. Murray and the respondent Vetta E. Murray, sole heir and widow of the deceased mortgagee, F. E. Arnold at that time having no interest in the property.

It is further alleged that the bank's attorneys failed to obtain said quitclaim deeds and the bank failed or neglected to comply with Alabama law so as to legally qualify itself to receive the money bid by appellant for the purchase of the land but instead said suit was filed for sale for division based upon a joint tenancy which was created after the aforesaid foreclosure sale by a deed dated October 4, 1954, and filed for record on the same date the suit was filed.

It is further alleged that appellant is anxious, ready, willing and able to complete the transaction by paying the purchase price bid at the foreclosure sale, that she offers to pay same upon delivery to her of a proper foreclosure deed, that she is able to and offers to pay said purchase price into court to abide the court's decree and she offers to do equity.

In her bill of intervention the appellant prays that the aforesaid bank be directed to qualify properly and make the requisite bond under Alabama law and be directed to execute and deliver to intervener a sufficient deed in exchange for the purchase price of $10,250 bid at the foreclosure sale by intervener and for general relief.

The court granted the petitioner leave to intervene and then sustained the demurrer to the bill of intervention. In the decree the court made no provision allowing amendment to the bill of complaint and intervention.

This appeal is from the aforesaid ruling of the court on demurrer.

Equity Rules, rule 37, Code 1940, Tit. 7 Appendix, provides that one shall be permitted to intervene when he may be prejudiced by a decree in the suit. The question here presented is whether the petitioner by her petition shows such an interest in the suit as to make a proper case for intervention. Gipson v. Hyatt, 243 Ala. 118, 8 So.2d 926. If the appellant has any interest in the suit, it arises obviously from her action in connection with the alleged foreclosure sale. It is insisted that by her bid at the sale she acquired an interest in the land involved in the suit. The foreclosure sale, however, was made by a foreign executor who had not given bond and had his letters recorded in Houston County, as required by §§ 141 and 151, Title 61, Code of 1940.

In the case of Sloan v. Frothingham, 65 Ala. 593, this court, speaking through Chief Justice Brickell, held that the sale of the mortgaged premises under such circumstances was void, not merely voidable. Since the foreclosure sale was void, the appellant obviously has no interest in the land which is the subject matter of this suit.

Since the sale was void, there is no way in which the court can enforce specific performance by the foreign executor in order to vest title in the purchaser at the foreclosure sale. Appellant paid no money nor was she put in possession of the lands. She merely bid at a sale charged with notice that the foreign executor was not competent to make the sale. Bogan v. Camp, 30 Ala. 276; 81 C.J.S. Specific Performance, § 30, pp. 476–479.

It is insisted that the cause should be reversed in order to give the appellant the right to amend her bill for intervention. This might be true if the bill had been dismissed, but the bill has not been dismissed. The order of the court went no further than to sustain the demurrer to the bill of intervention. When the case goes back to the lower court the court will give the appellant a reasonable opportunity within which to amend if she desires to follow such course. Equity Rule 28 (d) ; Farmer v. Hill, 243 Ala. 542, 11 So.2d 160. It results that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.