# Davis, *et al. v.* Denham.

## *Bill to Quiet Title.*

[DECIDED FEB. 8, 1906, 40 So. REP. 277.]

1. *Estoppel; After Acquired Title.*—Complainant's grantor purchased lands by deed from one not the owner thereof; the vendor of complainant's grantor subsequently entered into a contract with the real owner of the lands to purchase them, which contract he assigned to a third person, who perfected the purchase, under the contract, from the real owner; *Held*, assignee of complainant's grantor's vendor was not estopped from setting up the title acquired by him, under the assigned contract, from the real owner, notwithstanding the deed made by the assignor of the contract to complainant's grantor contained covenants of warranty.

2. *Quieting Title; Pleadings; Bill; Nonjoinder of Necessary Parties.*—A bill to quiet title to land which alleges that defendant has no title to the land because at the time of the execution of deed to defendant complainant was in the adverse possession of the land, and also alleging that respondent's grantor had title to the land, is demurrable for nonjoinder of necessary parties respondent, where such holder of the title is not made a party.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

.This was a bill filed by Lourania Denham against W. P. Davis, John Denham, and W. J. Elkins. The allegations of the bill are: (1) That on December 7, 1900, J. B. Denham, for a valuable consideration paid by Elkins, did execute and deliver to the said Elkins a proper deed of conveyance to certain lands therein described, lying in Marshall county, with the statutory covenant of warranty implied by the use of the words "grant, bargain, sell, and convey," and place the said Elkins in the actual possessions of said lands, and that he and this complainant and their tenants have been in the actual adverse possession of the lands ever since. (2) That on the 15th day of December, 1902, the said Elkins did by verbal contract bargain and sell said lands to the complainant for a valuable consideration, part of which was then and there paid by complainants to said Elkins, and that there now remains due said Elkins the sum of $150, which complainant is willing to pay said Elkins; that said Elkins did then and there place complainant in actual possession of the land, and that complainant and her tenant have been in the actual, peaceable, continuous, adverse possession of said lands, ever since, claiming them as her own, and that the defendant Davis denies or disputes the ownership and title of complainant to said lands, and he claims to be the owner of said lands; and that there is no suit pending to enforce or test the validity of the claim of said Davis to said lands. (3) That at the time of the execution of said deed by the defendant J. B. Denham to the defendant Elkins the defendant Denham was not the owner of said lands, but that one Anna J. Henderson was the owner of the title in fee simple, and continued as such owner until the 2d day of February, 1903, though she was not in the actual possession thereof; that on said 2d day of February, the defendant J. B. Denham entered into an executory contract with the said Anna Henderson for the purchase of said lands, taking a bond for title to the same; that on March 11, 1903, the said J. B. Denham did assign and transfer to the defendant Davis for a valuable consideration the contract of purchase he had

made with said Henderson. (4) That on March 11, 1903, said Henderson executed and delivered to defendant Davis a proper deed of conveyance to said land. (5) That thereafter, on February 19, 1904, the said Elkins did execute and deliver to complainant, while complainant was in the actual possession of said lands claiming them as her own, a proper deed of conveyance to said lands. (6) That said Davis is asserting a claim to said lands under his contract and conveyance from J. B. Denham and Denham's contract and conveyance from Henderson, and denying complainant has any right or title in said lands.

Respondent Davis demurs to the bill as follows: (1) Said bill shows on its face that complainant is not the owner of the lands in controversy. (2) Said bill shows on its face that Henderson never executed a deed conveying the legal title to J. B. Denham, and that said Denham never had in him any title upon which the estoppel of the warranty in his deed to Lourania Denham could operate. (3) Said bill fails to offer to pay to Davis the amount he had paid to Henderson. (4) Said bill fails to show any right in complainant to have the title acquired by respondent Davis by his deed from Henderson invested in complainant. (5) Said bill shows that there is a nonjoinder of necessary parties respondent, in that said Anna J. Henderson is not made a party respondent. (6) Said bill fails to offer to perform the obligations which were assumed by J. B. Denham in his contract with Henderson. (7) Said bill shows no right in complainant to reap the benefit of the purchase price of said lands paid to Henderson by respondent Davis. (8) There is a nonjoinder of necessary parties, in that the bill shows that the legal title as to this complainant is still in Henderson, and the bill does not bring the legal title before the court. (9) There is no equity in the bill. (10) The bill shows on its face that complainant is a trespasser. (11) The bill shows that respondent Davis acquired the legal and equitable title to the land and is under no obligation whatever to complainant with reference thereto.

The court made an order overruling the demurrers, and from that decree this appeal is prosecuted.

AMOS E. GOODHUE and J. L. BURKE, for Appellants. —The words grant, bargain, sell and convey do not import an absolute covenant of seizin against incumbrances and for quiet enjoyment, but they amount to a covenant only against acts done or suffered by the grantor and his heirs.—*Roebuck v. Depuy,* 2 Ala. 535; *Griffin v. Reynolds,* 17 Ala. 198; *Heflin v. Phillips,* 96 Ala. 552. Davis was never under the weight of any estoppel. He was neither a party or privy to any covenant of warranty.—Bigelow on Estoppel, (5th Ed.) p. 345; *Cooper v. Watson,* 73 Ala. 252; *Prien v. Meyer,* 67 Minn. 197; *Robertson v. Pickerel,* 109 U. S. 608; *Blight v. Rochester,* 7 Wheat. 535; *Cummins v. Powell,* 27 Mo. 524; 11 Am. & Eng. Ency. of Law, 400. Denham could not defeat an action of ejectment brought by Henderson by waiving invalidity of the deed from Henderson to Davis. *Harvey v. Carlisle,* 23 Ala. 628.

The legal title being outstanding in Henderson, she is the necessary party to the bill.—*Rust v. Electric Lighting Co.,* 124 Ala. 202; *Berry v. T. C. & R. R. Co.,* 134 Ala. 622.

STREET & ISBELL, for Appellee.—On motion to dismiss the appeal, we cite the following authorities.—*Vaughan v. Higgins,* 18 Ala. 546; *Hodnett v. R. R. Co.,* Ib., 562. The words grant, bargain, sell and convey create an estoppel which passes after acquired interest both legal and equitable.—*Olds v. Marshal,* 93 Ala. 138; *Pruett v. Ashford,* 90 Ala. 294. The warranty and estoppel raised thereby is as binding in equity upon Davis as upon John B. Denham.—*Swann v. Gaston,* 87 Ala. 569; *Hargrove v. Milbourne,* 86 Ala. 270; *Chambers v. Ringstaff,* 69 Ala. 140; 11 Am. & Eng. Ency of Law, (2 Ed.) pp. 403, 408, 415, 416.

Henderson is not a necessary party even if she is a proper party.—*Batre v. Auze,* 5 Ala. 173; *Wilkinson v. May,* 69 Ala. 33; *McKay v. Broad,* 70 Ala. 377.

ANDERSON, J.—The bill in this case avers that Henderson, the grantor of Davis, had a better title than her grantor, but relies upon an estoppel by statutory warran-

ty on the part of J. B. Denham as binding on Davis, who was the transferee of the contract of purchase made between J. B. Denham and the Hendersons. "It does not, in modern times, constitute a case of privity for the purpose of estoppel to show that one man holds a conveyance of land from another. The modern grantee, unlike a feofee, acquires the property for himself, and his faith is not pledged to maintain the title of the grantor. A relation of privity is a relation of dependence, not of independence or of superiority. Between the grantor and and grantee the recitals of the deed will doubtless be conclusive evidence in a proper case; but the instrument will not for all purposes prevent the grantee from asserting a paramount title which he has acquired from a third person."—Bigelow on Estoppel, p. 345; *Cooper v. Watson*, 73 Ala. 252; *Blight v. Rochester*, 7 Wheat. 535, 5 L. Ed. 516; *Robertson v. Pickrell*, 109 U. S. 608, 3 Sup. Ct. 407, 27 L. Ed. 1049; *Cummings v. Powell*, 97 Mo. 524, 10 S. W. 819. Davis is not estopped from setting up the title he derived from the Hendersons by the deed from J. B. Denham to this complainant, and the chancellor erred in not sustaining the demurrer. While Davis would not be estopped from setting up the title he derived from the Hendersons by any covenants of warranty in the deed from J. B. Denham to this complainant, the bill further avers that there is no title in him, because the deed was made to him while the complainant was in the adverse possession, and was therefore void. The bill avers that Henderson had the title to the land, and, if Davis had a valid deed from Henderson, then Davis would have the title. On the other hand, if the deed to Davis was void, then the title would be in Mrs. Henderson, and she would be a necessary party. The complainant failed to make Mrs. Henderson a party, upon the idea that she had conveyed the land to Davis, yet avers facts to show that the deed is void as against the complainant. For the reasons above set out, the chancellor should have sustained the demurrer to the bill, and the decree must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.