**HIGGINS v. MERCHANTS' & PLANTERS' BANK.  (5 Div. 974.)**

Supreme Court of Alabama.  May 17, 1928.

Rehearing Denied June 7, 1928.

I. **Bills and notes** ⬅467(2)—**Allegation that note was property of plaintiff was sufficient, where it did not appear it was commercial paper.**

Allegation that note sued on was property of plaintiff was sufficient on demurrer, where it did not appear that note was commercial paper.

2. **Bills and notes** ⬅537(8)—**Under evidence regarding payment in suit on note, court properly gave plaintiff general charge.**

Under evidence relating to payment in suit on note, court did not err in giving plaintiff the general charge.

3. **Bills and notes** ⬅471—**In suit on note, allegations relating to attorney's fee for collection of note held not subject to demurrer.**

In suit on note, allegations that, in note sued on and as part thereof, defendant agreed to pay all costs of collecting, or attempting to collect, note, including reasonable attorney's fee, and that note was not paid, and had been placed in hands of attorney for collection, and that reasonable fee for services of attorney was $500, *held* not subject to demurrer.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Action by the Merchants' & Planters' Bank against Guy Higgins. From a judgment for plaintiff, defendant appeals. Affirmed.

Count 2 is as follows:

"Plaintiff claims of. the defendant $1,500, due by promissory note executed by defendant to Lyman Manufacturing Company, on, to wit, the 16th day of February, 1924, and payable on March 1, 1924, with interest thereon from maturity. The note sued on is the property of the plaintiff.

"Plaintiff avers that in the instrument sued on the defendant waived his right of exemption as to personal property under the Constitution and Laws of the state of Alabama, and plaintiff claims the benefit thereof.

"Plaintiff avers that in the note sued on, and as a part thereof, the defendant agreed to pay all costs of collecting, or attempting to collect, said note, including a reasonable attorney's fee in and about collecting, or attempting to collect, the same, and plaintiff avers that said note is not paid, and has been placed in the hands of L. H. Ellis, an attorney, for collection, and that a reasonable fee for the services of said attorney in and about collecting the same is $500, and plaintiff claims of the defendant the other, further, and additional sum of $500 as a reasonable attorney's fee for collecting, or attempting to collect, said note and the indebtedness evidenced thereby."

These grounds of demurrer were interposed by defendant to the complaint:

"(1) For that no facts are alleged showing that the note sued on is the property of the plaintiff.

"(2) For that it does not appear, except by conclusion of the pleader, that the defendant owns any such interest in said note that will authorize it to sue thereon.

"(3) For that the. averments that the defendant agreed to pay a reasonable attorney's fee is a mere conclusion of the pleader.

"(4) For that the averment that a reasonable fee for the services of said attorney are $500 is a mere conclusion of the pleader.

"(5) For that said count fails to show in what manner the said note sued on was transferred and assigned to the plaintiff.

"(6) That the manner or method by which said note has been alleged to have been transferred and assigned to the plaintiff is not set forth.

"(7) For that no facts are alleged showing that said note was in fact transferred and assigned to the plaintiff.

"(8) For that the averment in said count that said note was transferred and assigned to the plaintiff is a mere conclusion of the pleader."

Lawrence F. Gerald, of Clanton, for appellant.

When the instrument sued on is in terms payable to order, it must be alleged that the

---

payee has indorsed the note, in order to show that he has parted with the legal title. The averment that the note has been transferred and assigned is insufficient, and the overruling of demurrer to such a count is error. Clayton v. Bank, 204 Ala. 64, 85 So. 271; Wilson v. Weaver, 16 Ala. App. 249, 77 So. 238; Young v. Woodliff Co., 147 Ala. 686, 40 So. 656; Ex parte First Nat. Bank, 206 Ala. 394, 90 So. 340. The affirmative charge should not be given for a party where there is evidence adverse to such party. Crim v. L. & N. R. Co., 206 Ala. 110, 89 So. 376; Bromley v. B'ham. M. R. Co., 95 Ala. 397, 11 So. 341; Avary v. Perry Stove Co., 96 Ala. 406, 11 So. 417; Sanders v. Edmonds, 98 Ala. 157, 13 So. 505; Am. Ry. Ex. Co. v. Henderson 214 Ala. 268, 107 So. 746; McGahey v. Albritton, 214 Ala. 279, 107 So. 751.

G. C. Walker, of Clanton, and L. H. Ellis, of Columbiana, for appellee.

The allegation that the note was transferred and assigned to plaintiff bank and that said bank was the owner thereof covers every ingredient of indorsement, and showed the passing of the legal title. 1 Words and Phrases (2d Ser.) pp. 311, 559, 566, 567; 4 Words and Phrases (2d. Ser.) 977; 8 Words and Phrases 7064. There was no evidence of payment of the note, and plaintiff was entitled to the affirmative charge.

ANDERSON, C. J. [1] The judgment entry shows that this case was tried on count 2 of the complaint, which makes it unnecessary to consider the defendant's demurrers to other counts. From aught appearing, the note mentioned in count 2 is not commercial paper, and the allegation that it was the property of plaintiff was sufficient. Clayton v. Bank of East Chattanooga, 204 Ala. 64, 85 So. 271. There was proof also that the plaintiff was the beneficial owner. If, after the note was introduced, it was shown to be commercial paper, and that the suit should have been brought by the legal owner, this point should have been raised by an objection to the evidence as for a variance, and could not be visited upon the demurrer to count 2. Moreover, the record discloses that the plaintiff was both the legal and beneficial owner. The note was delivered to the plaintiff by the payee, and was duly indorsed.

[2] We do not think that the trial court erred in giving the plaintiff the general charge. The only pretense or claim of a payment was that the drafts or some of them given the plaintiff by the Lyman Company should have been credited on the note, but Lyman and plaintiff's agent both testify that the note had not been paid, and that the drafts in question were authoritatively credited to other debts of the Lyman Company, and not the note. Moreover, the charge did not instruct for any particular sum, and the plaintiff was entitled to same, if the undisputed evidence showed that anything was due upon the note.

[3] The point that so much of the count as claimed an attorney's fee was subject to demurrer is so wanting in merit that a discussion of the question can serve no useful purpose.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.