145 So. 140

### TRAVELERS' FIRE INS. CO. v. YOUNG et al.

6 Div. 189.

Supreme Court of Alabama.

Dec. 22, 1932.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Cora R. Thompson, of Birmingham, for appellee Brooks.

ANDERSON, C. J.

In courts of equity, the general rule founded on the highest consideration of public policy is that all persons materially interested in the subject-matter and object of the suit, however numerous they may be, must be made parties. Story's Equity Pleading, § 72; Harwell v. Lehman, Durr & Co., 72 Ala. 344; Prout v. Hoge, 57 Ala. 28. Though, at law, all parties having a joint interest must join as plaintiffs in equity, it is sufficient if all parties interested in the subject-matter are before the court, either as complainants or respondents. Seay v. Graves, 178 Ala. 131, 59 So. 469, Parkman's Adm'r v. Aicardi & Tool, 34 Ala. 393; 73 Am. Dec. 457.

The relief sought by the respondent, D. R. Brooks, in cross-bill is based upon the lease sale contract Exhibit A–1 of his cross-bill and made a part thereof. This lease sale contract was made by said Brooks and his wife jointly, and, prima facie, she is as much interested in the object and the subject-matter as said Brooks; her name is in the preamble as party of the second part; and is signed by her. While in some parts of the instrument the party of the second part is in the singular, yet in other places "parties of the second part" is used, and we think the entire instrument shows that Lizzie Brooks was just as much a party thereto as her husband, D. R. Brooks. Lizzie Brooks was not a party respondent or complainant to the original bill, and, when D. R. Brooks sought relief under the cross-bill predicated upon a lease sale contract in which his wife had a material interest both in the object and subject-matter of the suit, she was a necessary party. Davis et al. v. Denham, 145 Ala. 247, 40 So. 277, Coster's Ex'rs v. Bank of Georgia et al., 24 Ala. 37.

The trial court erred in not sustaining the demurrer to the cross-bill as for want of a necessary party, and the decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.