159 So. 691

## BURT et al. v. BRANDON.

### 7 Div. 297.

Supreme Court of Alabama.

Feb. 28, 1935.

Scott & Dawson, of Fort Payne, for appellants.

Haralson & Son, of Fort Payne, for appellee.

BROWN, Justice.

The bill in this case was filed by appellee, H. H. Brandon, as the administrator of the estate of R. A. Burt, who died on March 21, 1933, against Grover C. Burt, Mrs. Ruby Garner, Mrs. Mabel Martin, and Mrs. Sarah Fowler, to reform a deed executed by the said R. A. Burt to the defendants on the 28th of August, 1919, conveying to the said Grover C. Burt a life estate, and to the other defendants the remainder in fifty-six acres of land, specifically described in the bill and evidencing an intent to reserve in the grantor the title to three acres of land "off the N. E. of the N. E. (N. E. 1/4 of N. E. 1/4) of Section 3, Township 8, Range 8, in De Kalb County, Alabama."

The bill as amended alleges that said R. A. Burt left surviving his widow, Corrina R. Burt, and three sons, Henry Burt, Edgar Burt, and the defendant Grover C. Burt, all of full age; that upon the delivery of said deed the grantor delivered to the said Grover C. Burt the possession of all the lands intended to be conveyed, and he assumed possession thereof; that the possession of said three acres was not so delivered, but that said R. A. Burt retained the possession thereof up until his death; that the said R. A. Burt, at the time of his death, owed debts which are claims against his estate; that the property which he left at his death is not sufficient to

pay the debts of said estate without a sale of said three acres of land attempted to be reserved by him in said deed; that said three acres were not a part of the homestead of said R. A. Burt, occupied by him at the time of his death.

The widow and the two sons, Henry and Edgar Burt, are not made parties.

The defendants demurred to the bill on the grounds, among others, for want of equity, and that the widow and heirs of R A. Burt are not made parties to the bill. The court entered a decree overruling the demurrer, and the appeal is from that decree.

The sole contention here is that the widow, Mrs. Corrina R. Burt, and Henry and Edgar Burt are necessary parties to the bill, and that this question is ruled by the case of O'Rear v. O'Rear et al., 219 Ala. 419, 122 So. 645.

It is well settled that the absence of necessary or proper parties will not be noticed on an appeal from a decree sustaining or overruling demurrers to a bill in equity, unless the question is raised by specific demurrer; that a general demurrer for want of equity does not present the question. Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; Carwile, et al. v. Crump et al., 165 Ala. 206, 51 So. 744.

And to this end the demurrer must point out by name the party not joined. Chambers v. Wright, 52 Ala. 444; Singo et al. v. Brainard, 173 Ala. 64, 55 So. 603; Hall v. Holly et al., 220 Ala. 597, 127 So. 164.

The rule is otherwise when the hearing is on submission for a final decree on the merits, or the appeal is from such final decree, where it may be raised by the parties in argument, or noticed ex mero motu by the court. Prout v. Hoge, 57 Ala. 28, 32; Carwile et al. v. Crump et al., supra.

When the opinion of the court in O'Rear v. O'Rear et al., 219 Ala. 419, 122 So. 645, is interpreted in the light of this rule and the text of 23 R. C. L. page 359, cited in that case, founded on the opinion of this court in West, Oliver & Co. v. Snodgrass, 17 Ala. 549, it goes deeper than a question of nonjoinder of parties. Its effect is that a bill filed by the personal representative—the executors of the will of a deceased person—to reform a deed, and correct the description of the property intended to be conveyed thereby, on the facts averred in that bill, it was without equity, in that it failed to show that such personal representative had such title or interest in the property as entitled him to invoke the aid of a court of equity.

It will be noted that there was an absence of averment in the bill in the O'Rear Case that there were debts against the estate, and in the absence of such debts the personal representative was without authority to intervene and intercept the title or beneficial enjoyment of the property by the devisees of the will. Forman v. McAnear, 219 Ala. 157, 121 So. 538.

On the other hand, in the case of Pollock et al. v. Pope, 209 Ala. 195, 95 So. 894, a bill to reform and foreclose a mortgage and reform a deed, relief was granted by the court, and the personal representatives of the testator were treated as necessary parties, and the devisees who were joined as complainants, as proper parties.

And in the case of DeVeer v. Pierson et al., 222 Mass. 167, 178, 110 N. E. 154, 159, it was held that: "Pierson as the executor of his father's will has the main, if not the only, interest in the matters covered by the second bill before it was amended, namely: To have the deed containing the warranty reformed or set aside so as to clear his father's estate from the claim which comes from a breach of warranty which confessedly has taken place if that deed is not reformed or set aside."

Where, as here, the description of the property intended to be excepted from the operation of the deed and reserved by the grantor is so indefinite as that it is void in the absence of parol proof in aid of the description, and this uncertainty resulted in consequence of the mutual mistake of the parties, or a mistake of the scrivener, prima facie the entire title passed to the grantees, and the instrument was subject to reformation at the suit of one having an equitable interest or right in the property so reserved. 23 R. C. L. p. 334, §§ 26 and 27.

The reasoning in Wood et al. v. Estes, 224 Ala. 140, 139 So. 331, as to the uncertainty of matters of fact depending wholly upon parol testimony is pertinent here.

Aside from the fact that the legal title prima facie passed to the grantees, in view of the uncertainty of the description of the property reserved, the complainant as administrator of the estate had the right to intercept the title of the reserved property and subject it to administration for the payment of debts. In the circumstances alleged, he represented the interest of the estate, which included the interests of the distributees, the widow and heirs at law, and was entitled to

maintain the bill. Griffith v. Rudisill, 141 Ala. 200, 37 So. 83.

The decree is free from error, and is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.