160 So. 532

## BRYSON et al. v. WATSON.
### 6 Div. 710.

Supreme Court of Alabama.
March 28, 1935.

David J. Davis and Basil A. Wood, both of Birmingham, for appellants.

Wm. S. Pritchard and Jas. W. Aird, both of Birmingham, for appellee.

222

■■■

BROWN, Justice.

The bill of exceptions which was presented to the trial judge, who refused to approve and sign it, was established on motion of the appellants by order of the Court of Appeals, after hearing evidence taken by both appellants and appellee taken by depositions, and, as the record shows, both parties appeared by their attorneys and were represented on the hearing of the motion. The motion of appellee to strike the bill of exceptions is not well taken and is overruled.

The action is assumpsit for money had and received, and the money in controversy is the balance over and above the amount due on a mortgage debt, and the costs and expenses incident to the foreclosure, realized at a foreclosure sale made under the power of sale in a chattel mortgage, the mortgagee becoming the purchaser at the sale.

The record is incumbered by unnecessary special pleadings and record evidence, some of which was not material to the issues in the case. The view we take of the case renders it unnecessary and unprofitable to discuss the several rulings of the court in detail.

The evidence is without dispute that the balance due on the mortgage debt at the time of the foreclosure was $750 with interest. The mortgage was foreclosed after the mortgagee had obtained the possession of part of the property, by bringing an action of detinue, and the defendant's failure to give a replevy bond. At the mortgage foreclosure sale the mortgagee bid $1,500 for the property and became the purchaser thereof.

The evidence further shows that $100 was a reasonable attorney's fee for conducting the foreclosure of the mortgage, and that the mortgagee incurred this expense.

The evidence further shows that, pending the action of detinue, the defendants in that suit, and plaintiffs in this, filed a bill in equity to enjoin the prosecution of the suit in detinue, and procured a temporary injunction, which was dissolved, and the bill dismissed; that thereafter the defendant brought suit on the injunction bond and recovered a judgment against the plaintiffs for $75 damages incurred as attorney's fees in dissolving the injunction.

■ It was permissible for the defendant, under her plea of the general issue, to show the amount of the mortgage debt, including interest and attorney's fees, and other costs of the foreclosure, and the plaintiffs were entitled to recover the balance of the purchase price over and above the amount of the mortgage debt, the interest thereon, and the costs and expenses of the foreclosure, less the amount of the judgment recovered by the defendant against the plaintiffs in the suit on the injunction bond, which was properly pleaded as a set-off. Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399; Code 1923, § 10172.

■ Inasmuch as the property repossessed and sold under the power of sale was more than sufficient to pay the mortgage debt, the alleged conversion of some of the mortgaged property by the mortgagors before the foreclosure could not be made the basis of a defense to defeat the plaintiffs' claim. Code 1923, § 9026; Karter v. Fields, 130 Ala. 430, 30 So. 504.

■ Under the undisputed evidence the plaintiffs were entitled to recover, in some amount. The court therefore erred in refusing the affirmative charge requested by them in writing. Higgins v. Merchants' & Planters' Bank, 217 Ala. 644, 117 So. 27.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.