166 So. 53

## MEADOWS et al. v. BIRMINGHAM FEDERAL SAVINGS LOAN SOC.

### 6 Div. 762.

Supreme Court of Alabama.

Jan. 16, 1936.

Rehearing Denied March 5, 1936.

4

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

FOSTER, Justice.

This is an action by appellants against appellee begun at law, and transferred to equity by the court ex mero motu. As it appeared at law, it was in three aspects, one, for money had and received, and one for deceit; and count C declared specially for the difference between the amount of the mortgage debt due appellee and the amount of the purchase price of the property at foreclosure sale. The bill as filed in equity on the transfer was dismissed when demurrer was sustained, and complainants appeal. They sought to have the cause retransferred to the law side, by several motions made in equity.

The contention of appellants, both in the complaint and in equity, is that they agreed with appellee to borrow an amount of money ($5,000) from it, repayable in monthly installments, at the rate of 7 per cent. per annum. That they paid those installments for several years and until they had paid, to wit, $3,800, and then discovered that appellee had defrauded them into subscribing for 100 shares of stock in the company, which was a part of the mortgage which they signed, contrary to their verbal agreement, and that the amount which they had paid appellee had been applied, pursuant to that agreement, to the stock subscription and not to the mortgage debt. That appellee foreclosed the mortgage and bought in the property at the sum of $6,000. The court, on the law side, sustained demurrers to the complaint, and in the same judgment ordered that it satisfactorily appears that the cause presents an equitable question, which cannot be disposed of on the law side, and that it be transferred to equity for disposition.

The bill as filed and amended in equity, and which was dismissed on sustaining the demurrer, sought to have decree against appellee for $3,800 as a trust fund, and that a lien be declared for its payment on the stock, and that said trust fund be paid to appellant. The decree sustaining the demurrer referred to the fact that complainant had been given an opportunity to amend the bill to give it equity, but that the amendment did not give it equity, but that counsel for complainant on the hearing insisted upon a retransfer to the law side of the court, having made a motion to that effect. Wherefore, the court sustained the demurrer and dismissed the cause. Complainant had continuously protested at being on the equity docket, and insisted that his action was at law and not in equity, and that his remedy at law was complete.

The dismissal of this cause by decree, which also sustained demurrer to the bill, was a final decree. On appeal from it complainant may assign as error the judgment of the court transferring it to equity. Section 6487, Code; Pearson v. City of Birmingham, 210 Ala. 296, 297, 97 So. 916.

It is assigned as error. When the transfer was made by the court, there was no motion made by either party showing that the cause could not be disposed of by the law court, or that facts existed which were sufficient to give equity jurisdiction.

The order was made as a part of the judgment sustaining demurrer to the complaint. The judgment sustaining the demurrer did not dispose of the cause, but the effect was to eliminate the complaint, so that plaintiff could have amended by filing another complaint. Box v. Metropolitan Life Ins. Co. (Ala.Sup.) 168 So. 216.[1]

So that at the time the order was made, there was nothing before the court which showed that there was an equitable question not available in the cause at law. But if the court should then consider the complaint, for that purpose, though demurrer had been sustained, that was the only matter shown by the record or proceedings to be considered in that connection.

 We do not think that any of the counts showed such an equitable question, not equally cognizable at law, where the remedy was not complete. The court may have had the idea that plaintiff could only have relief in equity by way of redemption, or that a trust in the surplus proceeds of the foreclosure sale was created, for which equity would enforce an accounting not adequately available at law. There may have been a trust fund in the surplus for which a suit in equity might be available (Hayes v. Woods, 72 Ala. 92, 94; Kelley v. Woodley, 228 Ala. 401, 153 So. 745; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357; Patton v. Darden, 227 Ala. 129, 148 So. 806), but plaintiff could also maintain a suit for money had and received at law at his election. Hayes v. Woods, supra; Alford v. Southern Building & Loan Association, 228 Ala. 412, 153 So. 864; Bryson v. Watson, 230 Ala. 221, 160 So. 532; Webster v. Singley, 53 Ala. 208, 25 Am.Rep. 609.

Or, not pursuing either of those remedies, he could have gone into equity to enforce a statutory right of redemption. And in that proceeding where the mortgagee becomes the purchaser, the true amount of the mortgage debt is treated as the amount of the purchase price, regardless of what the mortgagee may have bid at the sale. Bean v. Pearce, 151 Ala. 165, 44 So. 83; Hart v. Jackson St. Baptist Church, 224 Ala. 64, 139 So. 88. In no suit after regular foreclosure can he have usury eliminated. Jones v. Meriwether, 203 Ala. 155, 82 So. 185. But he may elect for himself what remedy he will pursue, and the court cannot interfere in that respect.

The bill which he filed in equity to enforce the trust may not be without equitable right, but the court should not force plaintiff to go into equity to obtain it, when he has an adequate remedy which he is trying to pursue at law.

We do not see how his claim for damages for fraud can serve any useful purpose in so far as it is set out in counts for deceit. The fraud consists in a claim that by it he was induced to sign a contract by which his payments were not to be applied to the repayment of his loan, but to a subscription for capital stock, when that was not the contract agreed to be executed. He can only have the court do for him that which he claims was agreed to be done. Therefore, for the fraud, if it occurred, his remedy is to have his subscription to the stock canceled and his payments applied on his mortgage debt. But since his mortgage debt is more than the amount of the alleged payments, he is not entitled to have any money paid him by defendant on account of the fraud, if it occurred. He was not damaged to that extent.

We reverse the judgment on the assignment of error relating to the order transferring the cause to equity, not to say that there was not also error in dismissing the bill for want of equity, as set out in the demurrer to it. We also render a judgment retransferring the cause to the law side of the court, and, since that court has sustained demurrers to the complaint, plaintiff will of course have leave to file an amendment to it as he may be advised.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

