172 So. 761

## HOLDER v. TAYLOR et al.

### 8 Div. 764.

Supreme Court of Alabama.

Feb. 18, 1937.

478

Proctor & Snodgrass, of Scottsboro, for appellant.

Hubert C. Hayes and Harold O. Weeks, both of Scottsboro, for appellees.

FOSTER, Justice.

This suit was begun at law for the recovery of land in the nature of ejectment. It was transferred to the equity side of the docket ex mero motu. Plaintiff filed a bill after such transfer, as was appropriate. Meadows v. Birmingham Federal Savings Loan Society, 232 Ala. 3, 166 So. 53.

Demurrer to the bill was overruled, from which this appeal was prosecuted. Since this is not a final decree, appellant cannot assign as error the order of transfer. An appeal is statutory, and unless the statute so authorizes, it cannot be used to review the ruling of a trial court. Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Smith v. Grayson, 214 Ala. 197, 107 So. 448.

An order refusing to transfer may not be assigned on any sort of an appeal, and one which makes the transfer can only be assigned for error on appeal from a final decree. Ex parte Louisville & Nashville R. R. Co., 211 Ala. 531, 100 So. 843; Pearson v. City of Birmingham, supra; sections 6487, 6491, Code; Derzis v. Cox, 223 Ala. 517, 137 So. 306. After the transfer has been made, a bill should be filed which invokes some equitable right.

The bill here alleges that the transfer was made ex mero motu over the objection of both plaintiff and defendant.

Our only problem is whether the bill is subject to the demurrer. The bill shows that the controversy relates to the ownership of a small strip of land between their respective holdings, complainants on the south and defendant on the north, and that it is apparently dependent upon the correct boundary line between them. A court of equity has jurisdiction to settle that controversy, sections 6465, 6439, Code, although it might also be settled in the ejectment suit which was begun for that disputed strip. As against a demurrer for want of equity, the bill may be sustained for that reason.

■ Another aspect of the bill is that the lands of complainant and respondent which join were all a part of the W. L. Martin estate, and that it was divided among his heirs, and that in the division had in court provision was made for an existing roadway to remain open for the use of the owners of the respective parcels set off to the heirs; that since this ejectment suit was begun respondent has constructed a fence across a portion of the road depriving complainants of the use of it. It is sought to have the obstruction removed. This is incidental to the main controversy, and is not improperly included, nor subject to demurrer on that ground.

The suit was begun by J. L. Taylor alone, on October 24, 1932; defendant pleaded not guilty, and on September 5, 1933, it was transferred to equity. The bill alleges that on December 12, 1933, J. L. Taylor conveyed it to Claude Taylor. The bill was filed August 31, 1935. From this it appears that the deed was made after the order of transfer and before the bill was filed.

■ The transfer to equity and the filing of a bill there was not the beginning of a new suit in equity, but was a continuation of it as begun at law. The only difference being that after the transfer equitable rights must be included, though new parties could be brought in so that their rights and the whole controversy could be determined. Shamblee v. Wilson, ante, p. 164, 170 So. 769; Pickens County v. Williams, 229 Ala. 250, 156 So. 548.

■ A bill is subject to demurrer unless it shows that all complainants are entitled to relief, notwithstanding section 6645, Code. Caheen v. First National Bank, 230 Ala. 105, 159 So. 815. Certainly it is subject to demurrer if it shows that both complainants cannot have relief.

The point is made that J. L. Taylor, the sole original plaintiff in ejectment, cannot have relief because he shows that he has sold his interest to Claude Taylor; then it is claimed that Claude Taylor cannot have relief because he had no interest when the suit was begun at law.

■ Prior to the Code of 1907, § 383», now section 7453, Code of 1923, if plaintiff in ejectment sold and conveyed the land, after suit was begun and while defendant was in adverse possession, the sale was void as to defendant, and had no effect on plaintiff's right to continue to prosecute the suit. Davis v. Curry, 85 Ala. 133, 4 So. 734; Pearson v. King, 99 Ala. 125, 10 So. 919; Carr v. Miller, 161 Ala. 658, 659, 49 So. 802. But under the statute now in effect, such a conveyance is valid and passes the title out of the grantor. If the title passes out of plaintiff pending the suit in ejectment in such manner as to be effective so far as defendant is concerned, plaintiff cannot continue to prosecute the suit. Etowah Mining Co. v. Doe ex dem. Carlisle, 127 Ala. 663, 29 So. 7; Cofer v. Schening, 98 Ala. 338, 13 So. 123; Bruce v. Bradshaw, 69 Ala. 360; Scranton v. Ballard, 64 Ala. 402, 403. As applicable since the amendment to the Code, see Burnett v. Roman, 192 Ala. 188, 68 So. 353; Roman v. Lentz, 194 Ala. 610, 69 So. 827.

■ So that if the suit in ejectment had remained at law, the conveyance by J. L. Taylor to Claude Taylor would operate to defeat it. But that conveyance did not occur until after the order of transfer was made. When the bill was filed, it was a suit in equity. The rule in equity is that when a sole plaintiff has assigned his whole interest in the suit subsequent to its institution, plaintiff can no longer prosecute for want of interest, but his assignees could proceed by an original bill in the nature of a supplemental bill. It is to all intents and purposes the commencement of a new suit, which draws to itself advantage of the proceedings on the former bill, and has the benefit of it. 2 Daniell Chan.Prac. (6th Ed.) 1518; Sims Chan.Prac. § 617; Bowie v. Minter, 2 Ala. '406, 412; 21 Corpus Juris 541, 542, note 81; 10 R.C.L. 503. But under our chancery practice, the same purpose can be accomplished by an amendment. Patton v. Darden, 227 Ala. 129, 148 So. 806; 21 Corpus Juris 340, § 336.

And sometimes an intervention is available. Section 9485, Code; 21 Corpus Juris 341, § 338, page 346, § 349; 47 Corpus Juris 104, 105, § 200, note 66.

■ In this suit, the bill filed after the transfer to equity may be taken and treated in any aspect which will support relief on the facts alleged, whether it be as an amendment or an original bill in the nature of a supplemental bill, an intervention, or as the beginning of a new suit in equity. For the purpose of the ground of demurrer going to any defect as to parties complainant on the principles we have discussed, it may be treated as an original bill in the

480

nature of a supplemental bill, or as an intervention. It is not improper for both the grantor and grantee to remain as parties. The grantor, who was the original party, may remain as such for his own protection on account of his warranty, and is by that fact interested in the successful prosecution of the suit, DeVeer v. Pierson, 222 Mass. 167, 178, 110 N.E. 154, 159; Burt v. Brandon, 230 Ala. 85, 159 So. 691; McDowell v. Herren, 219 Ala. 370, 122 So. 336, and he may remain for the protection of defendant also, so that if defendant is successful, it would be conclusive on both the grantor and grantee whatever differences may arise between the complainants with each other as to the effect of the conveyances. A court of equity is elastic, and covers the whole controversy. There are other instances when persons are not necessary but proper parties in equity because they have sold their interest. Trotter v. Brown, 232 Ala. 147, 167 So. 310; Sims Chan.Prac. § 117, page 68.

We do not think it necessary to discuss the other contentions of appellant.

Affirmed.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.