8 So.2d 926

**GIPSON et al. v. HYATT.**

**8 Div. 134.**

Supreme Court of Alabama.

June 18, 1942.

Street & Bradford, of Guntersville, for appellants.

Scruggs & Creel, of Guntersville, for appellee.

FOSTER, Justice.

This is an appeal from a decree overruling demurrer to a petition for intervention. The right to appeal is not here questioned, and was settled in Cortner v. Galyon, 223 Ala. 405, 137 So. 30.

Section 9485, Code of 1923, Code of 1940, Title 7, § 247, as applied to equity is cumulative and furnishes no new cause of action. Awbrey v. Estes, 216 Ala. 66, 112 So. 529; Greene v. Greene, 220 Ala. 395, 125 So. 640; Fisher v. Bankers' Fire & Marine Ins. Co., 229 Ala. 173, 155 So. 538, but has a broader procedural scope than formerly existed in equity, Dodd v. Deepwater Coal & Iron Corp., 233 Ala. 392, 171 So. 732.

There is no question here presented except the sufficiency of the petition for intervention on the demurrer addressed to it.

Appellant first insists that this is not a proper case for an intervention, because the intervener Hyatt has no interest in the suit.

The bill was filed by Hall to redeem land from three mortgages, one to Carroll executed in 1927; another to Gipson-Johnson Company in 1930, and another to Hooper Motor Company in 1931. Hyatt, intervener, claims as assignee of a mortgage by Hall to one Swords, executed in 1929, assigned since the commencement of the suit; and, also, that since that time he had acquired all the right, title and interest of Hall in the land by quitclaim deed, and also a tax title under a sale made to the State which he has acquired since the commencement of the suit.

"The rule in equity is that when a sole plaintiff has assigned his whole interest in the suit subsequent to its institution, plaintiff can no longer prosecute for want of interest, but his assignees could proceed by an original bill in the nature of a supplemental bill. It is to all intents and purposes the commencement of a new suit, which draws to itself advantage of the proceedings on the former bill, and has the benefit of it. 2 Daniell Chan.Prac. (6th Ed.) 1518; Sims Chan.Prac. § 617; Bowie v. Minter, 2 Ala. 406, 412; 21 Corpus Juris 541, 542, note 81; 10 R.C.L. 503. But under our chancery practice, the same purpose can be accomplished by an amendment. Patton v. Darden, 227 Ala. 129, 148 So. 806; 21 Corpus Juris 340, § 336.

"And sometimes an intervention is available. Section 9485, Code [Code 1940, Tit. 7, § 247]; 21 Corpus Juris 341, § 338, page 346, § 349; 47 Corpus Juris 104, 105, § 200, note 66." Holder v. Taylor, 233 Ala. 477 (11), 172 So. 761, 763; Branyon v. Kirk, 238 Ala. 321, 191 So. 345.

It is immaterial whether the purchaser is brought in by an amendment filed by the original complainant, or by a bill on his behalf in the nature of a supplemental bill, or by an intervention under equity pleading as enlarged by the statute.

The equity of redemption is subject to sale and conveyance so that the grantee may exercise it to the same extent as could the mortgagor before its conveyance. Rapier v. Gulf City Paper Co., 64 Ala. 330; Butts v. Broughton, 72 Ala. 294; Rothschild v. Bay City Lumber Co., 139 Ala. 571, 36 So. 785.

The right to intervene by virtue of his acquisition of the equity of redemption pending this suit, as alleged, from the sole complainant being shown by the petition for intervention, the tax title is not necessary to confer that right. The petition may not be sufficient in its averments of the tax sale to show a right to intervene, but as a whole it is not subject to demurrer on that account.

The petition sets forth good and sufficient ground for intervention by alleging that petitioner has acquired since the commencement of the suit all the right of the complainant sought by his bill, which is to redeem the land from three mortgages.

Let the decree be affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.