42 So.2d 261

**WARREN v. GALLAGHER.**

3 Div. 523.

Supreme Court of Alabama.
June 23, 1949.

Rehearing Denied Oct. 20, 1949.

L. H. Walden, John C. Godbold and Richard T. Rives, of Montgomery, for appellant.

622

Hill, Hill, Stovall & Carter, of Montgomery, for appellee.

FOSTER, Justice.

This is an appeal from a decree overruling demurrers of Warren to a petition self-styled as being in the nature of a cross bill filed by Gallagher after allowance by the court to file it on a petition for intervention by Gallagher. If it is filed during the progress of the trial, it is properly styled as being in the nature of a cross bill. Ex parte Printup, 87 Ala. 148, 6 So. 418; Ex parte Gray, 157 Ala. 358, 47 So. 286, 131 Am.St.Rep. 62. If it is filed after the original suit has been disposed of it is usually termed one in the nature of a supplemental bill. But the name of it is immaterial. Patton v. Darden, 227 Ala. 129, 148 So. 806. As petitioner calls it in the nature of a cross bill, we will do likewise.

The cause in which the intervention, see, Title 7, section 247, Code, was allowed was a suit in equity by Roff O. Ellison against Ernest Warren, Jr., et al., seeking the enforcement of a statutory right of redemption of real estate after foreclosure of a mortgage. The petition to intervene was filed after Warren had acquired all the right which Ellison sought to enforce by deeds of conveyance. The effect of such conveyance was to cancel Ellison's claim of right to redeem, if he had a right to enforce it. The result of the conveyance to Warren by Ellison, if valid, was by the complainant to the principal respondent and served to place Ellison where he could no longer prosecute the suit, and justified an abatement of it. So that Ellison has destroyed his right to prosecute the suit by his conveyance, and no one is asserting the right to do so by an assignment from him. See Gipson v. Hyatt, 243 Ala. 118, 8 So.2d 926; Holder v. Taylor, 233 Ala. 477, 172 So. 761, and cases there cited.

But in seeking to effect the redemption prayed for in the original bill, it alleged a tender of $19,529.38 to Warren, his refusal of it and its payment into court with the bill.

The cross bill alleges that Gallagher, the cross complainant in it, paid into court the $19,529.38, which is alleged to have been paid when the original bill was filed under a written agreement signed by the original complainant, Ellison, a copy of which was attached to the cross bill. The substance of the agreement, so far as here material, is as follows:

"Whereas, it appears from a computation of the amount required to redeem said property that same will aggregate the sum of $19,529.38; and

"Whereas, the said Roff O. Ellison has applied to James I. Gallagher for the purpose of obtaining a loan of said sum of money to effect said redemption, and the said James I. Gallagher has agreed to advance said sum of money for such purpose and no other, upon the terms and conditions hereinafter set forth;

"Now, therefore, the said Roff O. Ellison has agreed and does by the execution hereof agree as follows:

"1. That the aforesaid sum of $19,529.38 shall be deposited with the register of the Circuit Court of Montgomery County, Alabama, in Equity, concurrently with the filing of a bill in equity to enforce the statutory redemption of said real estate.

"2. That said sum of money shall be and remain the property of the said James I. Gallagher, who shall reserve title to the same, subject to its use in effecting the redemption of said property; and, that said sum of money shall be returned forthwith to the said James I. Gallagher should for any reason the same be not used in the enforcement of said statutory right of redemption.

"3. That, in the event the said Ellison shall be successful in the prosecution of his

claim for statutory right of redemption, a lien shall be fixed upon said property to the extent of the principal hereof, plus interest hereon at six (6%) per cent per annum; and, the said Roff O. Ellison agrees, at such time as his statutory right of redemption may be enforced, to make conveyance of the real estate hereinabove described to the said James I. Gallagher, who shall permit the exercise of an option to re-purchase the same upon such terms as may be mutually agreed between the parties hereto.

"4. The said Roff O. Ellison does further consent and agree that the said James I. Gallagher may at any time, up to the actual conveyance of said property to him pursuant to the enforcement of said statutory right of redemption, upon demand, withdraw and receive from the register of said court the aforesaid sum of money."

The cross bill also alleges that certain described judgments had been rendered against Ellison, all of which were held and owned by Warren, on which garnishments had been issued to the register of the court in which such fund was paid. It sought to have restored to him the full amount of the fund so deposited with interest or, in the alternative, subrogation in respect to said judgments and the enforcement of the right of redemption existing in their favor if such be found to exist.

The question is here on a decree overruling demurrer to the cross bill, and in it no reference is made to any contention or claim on behalf of Ellison that his conveyance was invalid for any reason. The cross bill treats it as valid, and on demurrer it should be so considered.

So that the question primarily is whether Gallagher, the cross complainant, is entitled on the showing made by the cross bill to have said sum refunded to him. No other relief prayed for seems to merit specific consideration.

Appellant, Warren, first claims in brief that whatever right Gallagher has to said fund is subject to the garnishment mentioned in the cross bill, for that no claim is made that Warren had notice of the contract under which Gallagher claims, or that he had any notice of Gallagher's claim in any respect when the garnishments were served. The garnishment is said to have been authorized by section 1004, Title 7, Code. The effect of that statute was carefully stated in Warren v. Matthews, 96 Ala. 183, 11 So. 285. But it does not serve to reach money which either "does not belong to the defendant in attachment (garnishment), or, belonging to him, the whole amount of it has been applied in satisfaction of prior attachment liens." When garnishment is directed to an officer holding funds deposited in court, it is said that such officer is not strictly speaking a debtor of the person to whom the money really belongs, and not liable to an action of debt or assumpsit; but that it is competent for the legislature to enact the statute in question though garnishment is thereby authorized, when a suit in debt may not be available.

But the question here is whether the money really belongs to the defendant in garnishment. If it belongs to some one else, other than such defendant, that statute does not serve to authorize condemnation of it to plaintiff's demand. To justify such condemnation in the garnishment suit, it must appear that the funds really belong to the defendant in such garnishment suit, rather than to others who are claiming them.

Under the contract between Gallagher and Ellison, this fund was never to be or belong to Ellison. If it was not used for the purpose of redemption, and now cannot be so used according to the facts alleged in the cross bill, it was to be repaid to Gallagher, and under no circumstances was it to be paid to Ellison who never was in reality the real owner of it. It is wholly immaterial to Gallagher's claim that Warren had no notice of it at the time of serving the garnishment. There is no principle here involved of protection to a purchaser or creditor. Whatever lien he acquired by the garnishment was subject to the question of whether Ellison was the real owner, superior in right to Gallagher. It is said in Sloss v. Glaze, 231 Ala. 234, 164 So. 51, 54: "Garnishment 'proceedings cannot displace prior valid and bona fide existing rights and claims against the debt or property involved. Plaintiff in garnishment does not stand in the position of a purchaser in good faith and for value, but is in no better posi-

tion than a purchaser or an assignee with notice.'"

It is also wholly immaterial to the assertion of Gallagher to his claim that Ellison either never possessed the right to redeem or had lost it, or had disposed of it. Gallagher's claim results from the fact that there was a failure by Ellison in his suit to redeem. That is the condition to the present assertion to such claim. So that under the terms of the contract between them this fund belongs to Gallagher on the facts alleged in the bill, and he would be entitled to have it paid to him: of course without interest. Any claim for interest would be a personal matter between Gallagher and Ellison, not material to Warren, the only complaining party now before us.

We think the demurrer to Gallagher's cross bill was properly overruled, and it is affirmed. Appellant is allowed twenty days in which to answer the cross bill.

Affirmed.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.