62 So.2d 221

**JONES et al. v. CRAWFORD et al.**

**I Div. 508.**

Supreme Court of Alabama.

Dec. 18, 1952.

Holberg, Tully & Aldridge, Mobile, for appellants.

Robt. T. Cunningham, Mobile, for appellees.

FOSTER, Justice.

The question on this appeal, now to be considered, is whether the motion of appellees to dismiss the appeal should be granted.

The appeal is by petitioners for mandamus, heard in the circuit court and there refused. The petition sought to have the court direct the vacation of an order of the board of adjustment of the City of Mobile which made a special exception and undertook to rezone an entire tract of land in the City of Mobile, of which petitioners were the owners of a described portion: the board claiming the power to do so under section 781, Title 37, Code.

The petition in the circuit court alleged that said tract was classified under section III of the zoning ordinance of the City of Mobile as R-1, which meant one family residence district; but that the planning commission of the City of Mobile had filed a petition with the board of adjustment seeking a special exception in order to

change and lower the existing classification as to said tract, including petitioners' portion thereof, as to be classified for group housing projects.

It is further alleged that petitioners were entitled to notice as a matter of law and, under section 18, paragraph 6 of the zoning ordinance, were entitled to notice by registered mail at least five days before the date of the hearing; but that they were not notified by registered mail or otherwise, and had no knowledge of the fact of said hearing from any source whatsoever, but remained in complete ignorance until after the order was made. They alleged that when they found out that the order had been made they forthwith petitioned the board of adjustment for a cancellation of said order and that the same be expunged, which said petition was refused and denied by the board. Wherefore petitioners sought by mandamus to have said order cancelled and annulled. The petition came on for hearing in the circuit court of Mobile County, and upon such hearing it was denied and a final judgment entered to that effect. From that judgment an appeal was taken to this Court.

Appellees have filed a motion in this Court to dismiss the appeal, alleging that all the right, title and interest of appellants in and to the property involved has been terminated, and that appellants no longer have any interest in the same. Attached to said motion is an affidavit of counsel for appellees showing that since this appeal has been taken, the property formerly owned by them and described in their petition for mandamus has been duly and legally condemned by the Mobile housing board, a municipal bureau created and existing under Title 25, Chapter 2 of the Code, through proceedings in the Probate Court of Mobile County; that the time for appeal from the order of condemnation has expired; the price fixed in that proceeding has been paid, and the actual work of the construction of the housing unit has been commenced on the said property.

In response to a motion to dismiss made by appellees, appellants have filed an an-

swer and attached to it an affidavit made by their counsel. In their answer appellants admit that the condemnation of the land occurred, as alleged in the motion, but say "said condemnation by appellees' sister municipal agency, Mobile housing board, should not be heard in abatement of this cause, in that, the same was part and parcel of an overall municipal scheme or device to acquire the residentially-zoned lands of appellants for the purpose of group-housing, which said lands, although lawfully subject to condemnation, would nonetheless be useless for the aforesaid scheme until or unless rezoned and/or excepted by the said action of these appellees, and hence in no sense has any event occurred without the fault of appellees, thus making a determination of this appeal unnecessary." They further alleged, in objection to said motion: "this said appeal is deeply concerned and fraught with public interest, clearly involving and demanding judicial determination of the powers and limitations of appellee board and the rights of all persons and property owners in the future, involving notice as to hearings under section 781, of Title 37 of the 1940 Code of Alabama and/or section XVIII of the 1951 zoning ordinance of the City of Mobile, and in guiding and delineating the authority and limitation of appellees in future hearings of similar nature."

The affidavit of counsel attached to the answer does not raise any issue of fact with respect to the matter, but is devoted principally to a statement of conclusions of law.

From the foregoing it appears that these appellants have no longer any financial interest in the outcome of the controversy, other than the costs of court. They do not allege that they have property in the vicinity of that here involved which would be affected by granting the special exception, and in substance and effect causing a re-zoning of the tract in question.

Section 781, supra, requires the board of adjustment to fix a reasonable time for the hearing of an appeal, giving public notice thereof, as well as due notice to the parties in interest. The record shows that public notice was given of the hearing by publication for two weeks in a Mobile newspaper, but that other notice was not given to petitioners as the owners of a portion of the property. The ground of objection, as we have noted, presented by the petition for mandamus, is the failure to give them the notice required by section 781 upon a showing that they had no other notice or knowledge of it.

No contention appears in the petition that the board of adjustment was exceeding its authority, as fully analyzed and discussed in our recent case of Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244.

In the Donaldson case, supra, there was an appeal by the property owner affected to the board of adjustment from the refusal of the city building inspector to grant a permit to build an apartment house within a residential district, zoned A–1, which prohibited an apartment house. On a hearing before the board of adjustment, the special exception was granted. Certain neighboring property owners appealed to the circuit court from that order of the board of adjustment, and the case was heard in the circuit court and tried de novo. From a judgment sustaining the board of adjustment, an appeal was taken to this Court by the said neighboring property owners. That situation is referred to for the purpose of showing that neighboring property owners are interested parties, and have a right to be heard before the board of adjustment, and to appeal from its ruling. But these appellants are not neighboring property owners.

The only legal right which these appellants set up anywhere in this proceeding, so far as we have found, is to protect their ownership of a portion of the property which was included in the special exception made by order of the board of adjustment, thereby permitting group dwellings to be constructed on said property, instead of single-unit dwellings for which it was zoned. They now have no interest in that respect and, therefore, none in the further prosecution of this appeal or in the effect of the special exception order of the board of adjustment. The fact that the

board of adjustment, the housing authority and the planning commission may all be agencies of the municipal government does not affect the question here involved. The legality and effect of the condemnation on the ownership of the property are not controverted.

 The principle is well recognized, and has been stated many times, to the effect that a complaining party loses all right to further complain where he has assigned his interest in the subject matter of the suit and he can no longer prosecute or act because of his want of interest, although in equity his assignee could proceed by intervening under the statute and continue the prosecution of the suit. See, section 247, Title 7, Code, and Rule 37 of Equity Practice; Holder v. Taylor, 233 Ala. 477, 172 So. 761; Gipson v. Hyatt, 243 Ala. 118, 8 So.2d 926; Warren v. Gallagher, 252 Ala. 621(2), 42 So.2d 261; Darling Shop v. Nelson Realty Co., 255 Ala. 586(2), 52 So.2d 211. There is no reason why that principle, applicable in equity, would not be pertinent to a petition for mandamus dependent upon the ownership by petitioner of the property involved. This principle applies when the interest of an appellant devolves upon another either by operation of law or act of the parties. 4 C.J.S., Appeal and Error, §§ 404, 405, pp. 866, 867; 3 C.J. 629, § 489; County of Montgomery v. Montgomery Traction Co., 140 Ala. 458, 37 So. 208; State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214. The right of substitution is not here applicable.

Appellants' answer to the motion indicates a purpose to rely on the principle that sometimes there is such a "public interest" as to justify a consideration of the merits on an appeal, notwithstanding the fact that appellants no longer have a justiciable interest in the controversy. We have previously referred to the fact that the controversy must for that purpose affect the interest of the body politic, when the state or government is said to be "as a substantial trustee for the public". Willis v. Buchman, 240 Ala. 386, 199 So. 892, 895; 132 A.L.R. 1179. If there is no such "public interest," the court will not concern itself unless there is and remains, until a final disposition of the case, a justiciable controversy between the parties to the litigation. We have many cases to that effect, among them, Saenger Theatres Corp. v. McDermott, 237 Ala. 489, 187 So. 460.

We cannot therefore consider the merits of petitioners' claim affecting the validity of the order of the board of adjustment in creating a special exception from the effect of the zoning ordinance, but must sustain the motion to dismiss the appeal.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.