115 So.2d 516

**Joe A. EASTERLING**

v.

**William Ervin CLECKLER et al.**

5 Div. 696.

Supreme Court of Alabama.

Oct. 29, 1959.

Omar L. Reynolds, Reynolds & Reynolds, Clanton, for appellant.

A. B. Foshee and Grover C. Walker, Clanton, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a decree sustaining respondent's demurrer to a bill in equity.

One aspect sought to settle a boundary line dispute between appellant and William Ervin Cleckler, appellee. In another alleged aspect of the bill, appellant claims damages for cutting certain trees on the disputed strip against appellee, Cleckler.

The original bill was filed February 16, 1951. It alleges that complainant and respondent are the owners of adjoining lands and that the boundary line between them is in dispute. This gives the bill equity. Thereafter, appellant amended the bill alleging that on January 22, 1953, he conveyed by warranty deed his forty acres, being all of appellant's property involved

in this suit, to one Alvin O. Easterling; that said Easterling conveyed said forty acres to one N. L. Roberts, and that said Roberts conveyed the same forty acres to Talmadge T. Bradford, and made said Bradford a party respondent to the bill as amended.

The bill as thus amended contained equity, and appellee's demurrer should have been overruled.

The primary question here presented is whether this appellant has been deprived of his right to further prosecute his suit because of his conveyance by warranty deed of all of his interest in the suit property.

An absolute transfer pendente lite of the realty involved will deprive plaintiff, in a suit such as this, of the right to prosecute the suit to final determination, but, if plaintiff is still interested by virtue of the warranty of title in the deed, the right to prosecute the suit to final judgment is not defeated. Holder v. Taylor, 233 Ala. 477, 172 So. 761; Burt v. Brandon, 230 Ala. 85, 159 So. 691; McDowell v. Herren, 219 Ala. 370, 122 So. 336; DeVeer v. Pierson, 222 Mass. 167, 178, 110 N.E. 154, 159; 1 C.J.S. Abatement and Revival § 106b, p. 151.

There was a similar problem before this Court in the case of Holder v. Taylor, supra. There, as here, plaintiff pendente lite conveyed by warranty deed all of his title and interest in the suit property. In that case, we held that it was not improper for the original plaintiff to remain as a party to the suit for his own protection on account of his warranty, as he was by that fact interested in the successful prosecution of the suit.

Another question raised by the pleadings and argued in brief is one of nonjoinder of parties plaintiff and misjoinder of parties respondent. It is contended that Alvin O. Easterling should have been joined as party plaintiff, and that it was improper

for Talmadge T. Bradford to have been brought in as a party respondent.

 In courts of equity, the general rule is that all persons materially interested in the subject matter and object of the suit must be made parties. While at law, all jointly interested parties must be joined as plaintiffs, in equity, it is sufficient if all necessary parties are before the court either as complainants or respondent. Travelers' Fire Ins. Co. v. Young, 225 Ala. 671, 145 So. 140; Seay v. Graves, 178 Ala. 131, 59 So. 469.

 The Court must have before it title to the property which is sought to be affected by the decree. Hammond v. Bibb, 234 Ala. 192, 174 So. 634.

Bradford is a necessary party, as he succeeded to the title and possession of all the lands belong to the plaintiff. But, as we have said, whether said Bradford was brought in as a party plaintiff or respondent is immaterial. Alvin O. Easterling is unquestionably a proper party, but he is not a necessary party because he has transferred his title to the suit property. Trotter v. Brown, 232 Ala. 147, 167 So. 310. We consider the necessary parties to the suit are properly before the Court and that a complete determination of the controversy can be had without the presence of other parties.

In support of his insistence that appellant can no longer prosecute this suit for want of interest, appellee cites and discusses each of the following cases: Branyon v. Kirk, 238 Ala. 321, 191 So. 345; Warren v. Gallagher, 252 Ala. 621, 42 So. 2d 261; Gipson v. Hyatt, 243 Ala. 118, 8 So.2d 926; and Jones v. Crawford, 258 Ala. 278, 62 So.2d 221. The question of plaintiff's right to continue to prosecute the suit for his own protection on account of the warranty in his deed was not presented or considered in any of the above-cited cases. The foregoing authorities are not in point.

We conclude that the court erred in sustaining the demurrer to the bill as amended, and a decree is here rendered overruling the same, and the decree of the trial court is reversed and the cause is remanded.

Reversed, rendered and remanded.

SIMPSON, GOODWYN and MERRILL, JJ., concur.