123 So.2d 596

**BEAR BROTHERS, INC.**

v.

**FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC.**

**3 Div. 46.**

Court of Appeals of Alabama.

Oct. 4, 1960.

Jones, Murray & Stewart, Montgomery, for appellant.

Rushton, Stakely & Johnston, Montgomery, for appellee.

HARWOOD, Presiding Judge.

Bear Bros. Inc., was engaged in certain construction work at Dannelly Field, Montgomery, Alabama. On 29 April 1958 the Fidelity & Guaranty Insurance Underwriters, Inc., the appellee here, issued to Bear Brothers an insurance policy commonly known as "Builders Risk Completed Value" form policy. One of the provisions of this policy insured the appellant against "direct loss by * * * explosion * * *."

While the policy was in effect an airplane owned by the United States exceeded the speed of sound and thereby produced a "sonic boom" which caused damages to the control tower then being constructed by the appellant at Dannelly Field.

Upon the appellee's refusal to pay the above mentioned damages, the appellant filed a suit therefor in Circuit Court of Montgomery County, Alabama.

The case came on to be heard before the Honorable Walter B. Jones, Judge of the Montgomery Circuit Court.

It was stipulated in the proceedings below that the sole question for determination was whether or not the phenomenon known as a "sonic boom" is an explosion within the wording of the policy issued by the appellee to the appellant.

At the conclusion of the evidence, the court below entered a judgment in favor of the appellee insurance company, and from such judgment the plaintiff below processed an appeal to this court.

During the process of this appeal the appellant here instituted an action against the United States government under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., to recover the same damages sought in the Circuit Court. This action against the United States government resulted in a settlement and the payment by the government to the appellant the sum of $2,222.55, which sum represented the entire damages caused by the "sonic boom."

In this court the appellee has filed a motion to dismiss this appeal on the grounds that the recovery of the identical damages from the government as those sought in this case has rendered this appeal moot.

The appellant has filed a motion to strike the appellee's motion to dismiss the appeal, and in brief in support of the motion to strike contends that this appeal should not be dismissed because: (1) the power to dismiss an appeal because it presents a moot question is discretionary; (2) the appeal

should not be dismissed because a broad public interest is involved; and, (3) that the appellant has certain substantial rights yet to be determined, such as expenses of bringing suit against the United States and "appellant's statutory lien for attorney's fees are also involved."

■ It is our conclusion that the motion to dismiss this appeal is well taken in that the recovery from the United States government of the identical damages herein claimed has rendered this appeal moot.

■ As to appellant's contention that this appeal should not be dismissed because broad public interest is involved, it need only be pointed out that the public interest as would justify a hearing of this appeal on its merits must be more than just a question of interest to the public, but must be something that affects the body politic. Jones v. Crawford, 258 Ala. 278, 62 So.2d 221; Willis v. Buchman, 240 Ala. 386, 199 So. 892, 132 A.L.R. 1179; Sullivan v. Cheatham, 264 Ala. 71, 84 So.2d 374.

Nor can we see that any collateral rights of the appellant involved which would justify a consideration of this appeal on its merits.

■ An appeal will not be heard when the issue has become moot merely to determine who is liable for costs. Coleman v. Mange, 238 Ala. 141, 189 So. 749; Lewis v. Head, 238 Ala. 151, 189 So. 886.

Nor can we see that any statutory lien for attorney's fees could be involved.

There was no judgment below in favor of the appellant to which any lien for attorney's fees could attach even if this appeal should be decided adversely to the appellee on its merits.

■ Nor could there be a judgment in favor of the appellant on a retrial to which a lien for attorney's fees could attach. This for the reasons that the appellant has already recovered his full damages from the United States government, and further,

in the absence of contract, statute, or recognized ground of equity, there is no inherent right to have attorney fees paid by the opposing side. Johnson v. Gerald, 216 Ala. 581, 113 So. 447, 59 A.L.R. 348.

Appeal dismissed.

CATES, J., recuses self.